IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMARCUS CARTER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-01229-S (BT) |
| | § | |
| | § | |
| BRYAN C. MITCHELL et al., | § | |
|     Defendants. | § | |

# **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

I.

Plaintiff filed this complaint under 42 U.S.C. § 1983. He did not pay the filing fee or file a motion to proceed *in forma pauperis*. On May 21, 2018, the Court sent Plaintiff a notice of deficiency. This deficiency notice was returned to the court due to an incorrect prisoner identification

1

number. On June 4, 2018, the court corrected the prisoner identification number and re-mailed the deficiency notice to Plaintiff. The Court informed Plaintiff that failure to cure the deficiency within thirty days could result in a recommendation that his complaint be dismissed. More than 30 days have passed and Plaintiff has failed to respond to the Court's order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court has issued a deficiency notice to Plaintiff advising him that he must pay the filing fee or file a motion to proceed *in forma pauperis*. However, Plaintiff has ignored the Court's instructions. This litigation cannot proceed until Plaintiff complies with the Court's order and either pays the filing fee or files a motion to proceed *in forma pauperis*.

Because Plaintiff has failed to prosecute this action, his complaint should be dismissed.

III.

For the foregoing reasons, the Court recommends that Plaintiff's complaint be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed August 24 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).